1  Richard A. Bunt [SB# 163917]
   THE LAW OFFICE OF RICHARD A. BUNT
2  PO Box 537
   Temple City, California 91780
3  Telephone: (760) 856-0887
   email: richbunt@gmail.com
4
   Attorneys for Defendants
5  **BRIAN QUINN; ONOREVOLE**
   **CONSULTING GROUP, INC.; and**
6  **LUXURY ASSET LENDING, LLC**

7                  UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10 | CYNTHIA KLINE, an Individual; | Case No. 8:24-cv-00233 ADS
11 | JACOB KLINE, an Individual; and |
   | WALTER KLINE, an Individual, | Assigned for all purposes to the Honorable
12 |                               | Autumn D. Spaeth
13 |       Plaintiffs,             | **ANSWER OF DEFENDANTS BRIAN**
   |                               | **QUINN; ONOREVOLE CONSULTING**
14 | vs.                           | **GROUP, INC.; and LUXURY ASSET**
   |                               | **LENDING, LLC TO COMPLAINT**
15 |
16 | BRIAN QUINN, an Individual;   | Complaint Filed: February 2, 2024
   | MICHAEL SWAN, an Individual;
17 | ONOREVOLE CONSULTING GROUP,
   | INC., a California Stock Corporation;
18 | PRIVCAP GROUP, LLC, a Delaware
   | Limited Liability Company; LUXURY
19 | ASSET LENDING, LLC, a Delaware
   | Limited Liability Company,
20 |       Defendants.

21

22     COME NOW Defendants BRIAN QUINN, an individual (hereinafter "QUINN");
23 ONOREVOLE CONSULTING GROUP, INC., a California corporation (hereinafter
24 "ONOREVOLE"); and LUXURY ASSET LENDING, LLC, a Nevada limited liability company
25 (erroneously sued and served herein as "a Delaware Limited Liability Company" (hereinafter
26 "LUXURY"), hereinafter referred to collectively as "Defendants", and for themselves alone, by
27 and through their attorneys, answer the Complaint of Plaintiffs CYNTHIA KLINE, JACOB
28 KLINE, and WALTER KLINE herein as follows:

---
**ANSWER TO COMPLAINT**

**RESPONSE TO SUMMARY OF ALLEGATIONS**

Answering the unnumbered paragraph on page 2, lines 1-10 of the Complaint entitled "Summary of Allegations", the allegations contained in this paragraph state conclusions concerning the nature of the case, arguments, and characterizations to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

**RESPONSE TO JURISDICTION**

1. Answering paragraph 1 of the Complaint, Defendants admit that the Court has jurisdiction over this matter.

**RESPONSE TO VENUE**

2. Answering paragraph 2 of the Complaint, Defendants admit that venue is proper in this Court.

**RESPONSE TO PARTIES**

3. Answering paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

4. Answering paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

5. Answering paragraph 5 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

6. Answering paragraph 6 of the Complaint, Defendants admit that ONOREVOLE CONSULTING GROUP, INC. is a dissolved California corporation.

7. Answering paragraph 7 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

**ANSWER TO COMPLAINT**

8. Answering paragraph 8 of the Complaint, Defendants admit the allegations contained in this paragraph.

9. Answering paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

10. Answering paragraph 10 of the Complaint, Defendants deny that LUXURY ASSET LENDING, LLC is and was a Delaware limited liability company, and admit that LUXURY ASSET LENDING, LLC is and was a Nevada limited liability company, with its principal place of business in Orange County, California.

**RESPONSE TO FACTUAL ALLEGATIONS REGARDING AGENCY**

11. Answering paragraph 11 of the Complaint, this paragraph states legal conclusions, arguments, and characterizations to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph of the Complaint.

**RESPONSE TO ALLEGATIONS COMMON TO ALL CLAIMS**

12. Answering paragraph 12 of the Complaint, Defendants deny that QUINN gave direction to Swan. To the extent paragraph 12 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 12, and therefore deny them. Defendants deny the remainder of the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, to the extent paragraph 13 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 13, and therefore deny them. Defendants state that the email, which is not attached as an exhibit to the Complaint, speaks for itself.

14. Answering paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

15. Answering paragraph 15 of the Complaint, the allegations contained in paragraph 15 of the Complaint contain Plaintiffs' characterization of the agreement attached as Exhibit 1 to the Complaint, to which no response is required. To the extent that a response is required,

Defendants deny the allegations contained in paragraph 15 of the Complaint, state that the agreement speaks for itself, and respectfully refer the Court to the agreement attached as Exhibit 1 to the Complaint for the full meaning and terms thereof.

16. Answering paragraph 16 of the Complaint, the allegations contained in paragraph 16 of the Complaint contain Plaintiffs' characterization of the agreement attached as Exhibit 2 to the Complaint, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 16 of the Complaint, state that the agreement speaks for itself, and respectfully refer the Court to the agreement attached as Exhibit 2 to the Complaint for the full meaning and terms thereof.

17. Answering paragraph 17 of the Complaint, the allegations contained in paragraph 17 of the Complaint contain Plaintiffs' characterization of the agreement attached as Exhibit 3 to the Complaint, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 17 of the Complaint, state that the agreement speaks for itself, and respectfully refer the Court to the agreement attached as Exhibit 3 to the Complaint for the full meaning and terms thereof.

18. Answering paragraph 18 of the Complaint, the allegations contained in paragraph 18 of the Complaint contain Plaintiffs' characterization of the agreement attached as Exhibit 4 to the Complaint, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 18 of the Complaint, state that the agreement speaks for itself, and respectfully refer the Court to the agreement attached as Exhibit 4 to the Complaint for the full meaning and terms thereof.

19. Answering paragraph 19 of the Complaint, the allegations contained in paragraph 19 of the Complaint contain Plaintiffs' characterization of the agreement attached as Exhibit 5 to the Complaint, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 19 of the Complaint, state that the agreement speaks for itself, and respectfully refer the Court to the agreement attached as Exhibit 5 to the Complaint for the full meaning and terms thereof.

20. Answering paragraph 20 of the Complaint, the allegations contained in paragraph 20 of the Complaint contain Plaintiffs' characterization of the agreement attached as Exhibit 6 to the Complaint, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 20 of the Complaint, state that the agreement speaks for itself, and respectfully refer the Court to the agreement attached as Exhibit 6 to the Complaint for the full meaning and terms thereof.

21. Answering paragraph 21 of the Complaint, Defendants admit that Plaintiffs invested the sum of $170,000, and deny the remainder of the allegations contained in this paragraph.

22. Answering paragraph 22 of the Complaint, Defendants admit that Quinn was not an officer, agent, representative, or vendor of Medipure stock. Defendants further state that Quinn was an officer, agent, and representative of ONOREVOLE CONSULTING GROUP, INC., which owned 5,600,000 shares of Medipure, Inc.

23. Answering paragraph 23 of the Complaint, Paragraph 23 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Answering paragraph 24 of the Complaint Defendants are without knowledge or information, concerning Plaintiffs' awareness or lack thereof regarding Medipure's bankruptcy filing, sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, denies each and every such allegation.

25. Answering paragraph 25 of the Complaint, Defendants are without knowledge or information, concerning Plaintiffs' awareness or lack thereof regarding Medipure's financial status, and concerning Plaintiffs' beliefs regarding Quinn, sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, denies each and every such allegation. Defendants further deny that Quinn made any such representations to Plaintiffs, and deny the remainder of the allegations contained in this paragraph.

26. Answering paragraph 26 of the Complaint, Defendants deny that Swan set up a meeting with Quinn for March 23, 2023. Defendants are informed and believe that Swan,

Plaintiffs, Medipure's attorney, and Apogee met on or about March 23, 2023. Defendants admit that Quinn did not attend this meeting. Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the remainder of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

27. Answering paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28. Answering paragraph 28 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

29. Answering paragraph 29 of the Complaint, Defendants are without knowledge or information concerning the alleged meeting and what was said by Apogee at the meeting, and on that basis, denies each and every such allegation.

30. Answering paragraph 30 of the Complaint, Defendants admit that Quinn was an officer, agent, and representative of ONOREVOLE CONSULTING GROUP, INC., which owned 5,600,000 shares of Medipure, Inc., and deny the remainder of the allegations contained in this paragraph.

31. Answering paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

32. Answering paragraph 32 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

33. Answering paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, on that basis, deny each and every such allegation.

34. Answering paragraph 34 of the Complaint, the allegations contained in Paragraph 34 of the Complaint contain Plaintiffs' characterization of the Judgment attached as Exhibit 7 to the Complaint, to which no response is required. To the extent that a response is required,

1  Defendants deny that the Judgment prohibits Quinn's involvement in the trading and handling of
2  all stocks, state that the Judgment speaks for itself, and respectfully refer the Court to the
3  Judgment attached as Exhibit 7 to the Complaint for the full meaning and terms thereof.

4      35.    Answering paragraph 35 of the Complaint, Defendants deny that Quinn attempted
5  to sell stock shares to Plaintiffs, and deny the remainder of the allegations contained in this
6  paragraph.

**RESPONSE TO COUNT I - FRAUD**

7
8      36.    Answering paragraph 36 of the Complaint, Defendants repeat and reallege each and
9  every response to Paragraphs 1 through 35, and the unnumbered paragraph on page 2, lines 1-10
10 of the Complaint as if fully set forth herein.

11     37.    Answering paragraph 37 of the Complaint, QUINN denies that he made any
12 representations to Plaintiffs; states that the agreements speak for themselves, and respectfully
13 refers the Court to the agreements for the full meaning and terms thereof.  Count 1 – Fraud of the
14 Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and
15 therefore no response to paragraph 37 of the Complaint is required of them.

16     38.    Answering paragraph 38 of the Complaint, QUINN denies that he made any
17 representations to Plaintiffs, and denies each and every allegation of this paragraph. Count 1 –
18 Fraud of the Complaint is not asserted against answering defendants LUXURY and
19 ONOREVOLE, and therefore no response to paragraph 38 of the Complaint is required of them.

20     39.    Answering paragraph 39 of the Complaint, QUINN is without knowledge or
21 information sufficient to form a belief as to the truth or the falsity of the allegations contained in
22 this paragraph and, on that basis, denies each and every such allegation.  Count 1 – Fraud of the
23 Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and
24 therefore no response to paragraph 39 of the Complaint is required of them.

25     40.    Answering paragraph 40 of the Complaint, QUINN is without knowledge or
26 information sufficient to form a belief as to the truth or the falsity of the allegations contained in
27 this paragraph and, on that basis, denies each and every such allegation.  Count 1 – Fraud of the
28

**ANSWER TO COMPLAINT**

Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 40 of the Complaint is required of them.

41. Answering paragraph 41 of the Complaint, QUINN denies the allegations of this paragraph. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 41 of the Complaint is required of them.

42. Answering paragraph 42 of the Complaint, QUINN denies that he made any representations to Plaintiffs, and denies each and every allegation of this paragraph. To the extent paragraph 42 relates to Defendant Swan, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 42, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 42 of the Complaint is required of them.

43. Answering paragraph 43 of the Complaint, the allegations contained in this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, QUINN denies the allegations contained in paragraph 43 of the Complaint. To the extent paragraph 42 relates to Defendant Swan, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 42, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 43 of the Complaint is required of them.

44. Answering paragraph 44 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 44 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 44. To the extent paragraph 44 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 44, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 44 of the Complaint is required of them.

45. Answering paragraph 45 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 45 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 45. To the extent paragraph 45 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 45, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 45 of the Complaint is required of them.

46. Answering paragraph 46 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 46 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 46. To the extent paragraph 46 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 46, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 46 of the Complaint is required of them.

47. Answering paragraph 47 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 47 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 47. To the extent paragraph 47 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 47, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 47 of the Complaint is required of them.

48. Answering paragraph 48 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 48 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 48. To the extent

ANSWER TO COMPLAINT

paragraph 48 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 48, and therefore denies them. Count 1 – Fraud of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 48 of the Complaint is required of them.

### **RESPONSE TO COUNT II – FINANCIAL ELDER ABUSE**

49. Answering paragraph 49 of the Complaint, Defendants repeat and reallege each and every response to Paragraphs 1 through 48, and the unnumbered paragraph on page 2, lines 1-10 of the Complaint as if fully set forth herein.

50. Answering paragraph 50 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 50 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 50. To the extent paragraph 50 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 50, and therefore denies them. Count II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 50 of the Complaint is required of them.

51. Answering paragraph 51 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 51 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 51. To the extent paragraph 50 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 51, and therefore denies them. Count II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 51 of the Complaint is required of them.

52. Answering paragraph 52 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 52 contains any allegation directed at QUINN that requires an

1 admission or denial, QUINN denies each and every allegation of paragraph 52. To the extent
2 paragraph 52 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge
3 or information to admit or deny the allegations of paragraph 52, and therefore denies them. Count
4 II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE,
5 and therefore no response to paragraph 52 of the Complaint is required of them.

6   53.   Answering paragraph 53 of the Complaint, QUINN states that the allegations
7 contained in this paragraph are legal conclusions and/or statements not subject to admission or
8 denial. QUINN further states that California Welfare & Institution Code section 15610.30 speaks
9 for itself. To the extent that paragraph 53 contains any allegation directed at QUINN that requires
10 an admission or denial, QUINN denies each and every allegation of paragraph 53. To the extent
11 paragraph 53 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge
12 or information to admit or deny the allegations of paragraph 53, and therefore denies them. Count
13 II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE,
14 and therefore no response to paragraph 53 of the Complaint is required of them.

15   54.   Answering paragraph 54 of the Complaint, QUINN states that the allegations
16 contained in this paragraph are legal conclusions and/or statements not subject to admission or
17 denial. QUINN further states that California Welfare & Institution Code section 15610.30 speaks
18 for itself. To the extent that paragraph 54 contains any allegation directed at QUINN that requires
19 an admission or denial, QUINN denies each and every allegation of paragraph 54. To the extent
20 paragraph 54 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge
21 or information to admit or deny the allegations of paragraph 54, and therefore denies them. Count
22 II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE,
23 and therefore no response to paragraph 54 of the Complaint is required of them.

24   55.   Answering paragraph 55 of the Complaint, QUINN states that the allegations
25 contained in this paragraph are legal conclusions and/or statements not subject to admission or
26 denial. To the extent that paragraph 55 contains any allegation directed at QUINN that requires an
27 admission or denial, QUINN denies each and every allegation of Paragraph 55. To the extent
28 paragraph 55 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge

ANSWER TO COMPLAINT

or information to admit or deny the allegations of paragraph 55, and therefore denies them. Count II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 55 of the Complaint is required of them.

56. Answering paragraph 56 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. QUINN further states that California Welfare & Institution Code section 15657.5 speaks for itself. To the extent that paragraph 56 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 56. To the extent paragraph 56 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 56, and therefore denies them. Count II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 56 of the Complaint is required of them.

57. Answering paragraph 57 of the Complaint, QUINN states that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. QUINN further states that California Welfare & Institution Code section 15657.5 and Civil Code section 3294 speak for themselves. To the extent that paragraph 57 contains any allegation directed at QUINN that requires an admission or denial, QUINN denies each and every allegation of paragraph 57. To the extent Paragraph 57 relates to persons or entities other than QUINN, QUINN lacks sufficient knowledge or information to admit or deny the allegations of paragraph 57, and therefore denies them. Count II of the Complaint is not asserted against answering defendants LUXURY and ONOREVOLE, and therefore no response to paragraph 57 of the Complaint is required of them.

### **RESPONSE TO COUNT III – VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**

58. Answering paragraph 58 of the Complaint, Defendants repeat and reallege each and every response to Paragraphs 1 through 57, the unnumbered paragraph on page 2, lines 1-10 of the Complaint as if fully set forth herein.

59. Answering paragraph 59 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. Defendants further state that Cal. Bus. & Prof. Code section 17201 ("UCL") speaks for itself. To the extent that paragraph 59 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 59. To the extent paragraph 59 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 59, and therefore deny them.

60. Answering paragraph 60 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. Defendants further state that the UCL speaks for itself. To the extent that paragraph 60 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 60. To the extent paragraph 60 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 60, and therefore deny them.

61. Answering paragraph 61 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. Defendants further state that the UCL speaks for itself. To the extent that paragraph 61 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 61. To the extent paragraph 61 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 61, and therefore deny them.

62. Answering paragraph 62 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. Defendants further state that the UCL speaks for itself. To the extent that paragraph 62 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 62. To the extent paragraph 62 relates to persons or

**ANSWER TO COMPLAINT**

entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 62, and therefore deny them.

63. Answering paragraph 63 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 63 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 63. To the extent Paragraph 63 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 63, and therefore deny them.

64. Answering paragraph 64 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. Defendants further state that the UCL speaks for itself. To the extent that paragraph 64 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 64. To the extent paragraph 64 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 64, and therefore deny them.

65. Answering paragraph 65 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 65 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 65. To the extent Paragraph 65 relates to persons or entities other than Defendants, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 65, and therefore deny them.

66. Answering paragraph 66 of the Complaint, Defendants state that the allegations contained in this paragraph are legal conclusions and/or statements not subject to admission or denial. To the extent that paragraph 66 contains any allegation directed at Defendants that requires an admission or denial, Defendants deny each and every allegation of paragraph 66. To the extent paragraph 66 relates to persons or entities other than Defendants, Defendants lack sufficient

knowledge or information to admit or deny the allegations of paragraph 66, and therefore deny them.

**RESPONSE TO PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint, in the unnumbered "WHEREFORE" clause following Paragraph 66, consists of a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiffs are entitled to the requested relief or to any relief whatsoever.

Defendants deny any and all other allegations set forth in the Complaint not otherwise admitted or qualified above.

**AFFIRMATIVE DEFENSES TO COMPLAINT**

As separate and distinct affirmative defenses, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State Facts)**

1. The Complaint, and each and every cause of action therein set forth, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**(Estoppel and Waiver)**

2. Defendants are informed and believe and based thereon allege that Plaintiffs are barred from seeking any relief asserted in the Complaint by the doctrines of estoppel and waiver.

**THIRD AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

3 Defendants are informed and believe and based thereon allege that Plaintiffs are barred from seeking any relief asserted in the Complaint by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Defendants Acted in Good Faith)**

4. As a separate and affirmative defense to Plaintiffs' Complaint, these answering Defendants are informed and believe, and on such information and belief allege, that they are excused from any and all liability under the facts alleged in any of Plaintiffs' claims for relief because at all material times they acted lawfully and within their legal rights and in furtherance of a legitimate purpose, and conducted themselves in good faith and such conduct was reasonable and justified under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE
### (Legitimate Business Conduct)

5. The Complaint is barred because Defendants' actions were undertaken in good faith, with the absence of malicious intent, and were the result of lawful conduct carried out in furtherance of Defendants' legitimate business activities.

### SIXTH AFFIRMATIVE DEFENSE
### (Comparative Fault of Others)

6. Defendants are informed and believe, and on that basis allege, that Complainants' damages, if any, are due in whole or in part to the proximate contributory and comparative fault and negligence of others, and that any liability of these answering defendants, which liability is specifically denied, should be reduced and/or barred in proportion to that fault.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

7. Any recovery on Plaintiffs' Complaint or any purported cause of action therein, is barred under the applicable statute of limitations, including but not limited to CCP §335.1, CCP §337, CCP §338, CCP §339, CCP §340, CCP §343, California Welfare & Institutions Code §15657.7, and Bus. and Prof. Code§ 17208 for each claim alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Ambiguity)

8. Defendants assert that Plaintiffs did not clearly state certain of the issues in this case, making it difficult for Defendants to respond. Defendants request that the court grant leave to

amend this Answer, if necessary, to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by the defendants.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert any additional defenses that are supported by information or facts obtained through discovery, investigation or other means and expressly reserve the right to amend their Answer to assert such additional affirmative defenses as may be appropriate.

**WHEREFORE**, Defendants pray for the entry of judgment in their favor and against Plaintiffs as follows:

1. That Plaintiffs take nothing by their action herein;
2. That this action be dismissed in its entirety and with prejudice;
3. That the Court grant such other and further relief as the Court may deem just and proper.

DATED: March 8, 2024               THE LAW OFFICES OF RICHARD A. BUNT


By:     /s/ Richard A. Bunt
        Richard A. Bunt
        Attorneys for Defendants
        **BRIAN QUINN; ONOREVOLE CONSULTING GROUP, INC.; and LUXURY ASSET LENDING, LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, I served a true and correct copy of the foregoing Answer to Plaintiffs' Complaint via electronic filing with the Court's ECF system for notice to all counsel of record.

<u>/s/ Richard A. Bunt</u>

Richard A. Bunt

**ANSWER TO COMPLAINT**